UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| ROSS "WORD" PHAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. |
| v. | ) | 5:17-cv-159-JMH |
| | ) | |
| COMMONWEALTH OF KENTUCKY, 14TH | ) | **MEMORANDUM OPINION** |
| DISTRICT CIRCUIT COURT, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

\*\*\*

Plaintiff Ross "Word" Phar has filed a *pro se* Complaint [DE 1] against the Commonwealth of Kentucky (14th District Circuit Court), seeking redress for federal constitutional violations that allegedly occurred while he was incarcerated pending trial on state criminal charges.[1]  Because Plaintiff has also submitted a Motion to Proceed *In Forma Pauperis* [DE 2], the Court must conduct an initial screening of the Complaint pursuant to 28 U.S.C. §

---

[1] There is no "14th District Circuit Court" in Kentucky.  *See* Kentucky Court of Justice, Publications and Resources, Kentucky Judicial Circuit Map and Kentucky Judicial District Map, www.courts.ky.gov/resources/publicationsresources/Pages/default.aspx (last visited April 4, 2017).  Instead, Kentucky has a 14th Judicial Circuit, consisting of the Woodford Circuit Court, Bourbon Circuit Court, and Scott Circuit Court.  *Id.*  It also has a 14th Judicial District, composed of the Woodford District Court, Bourbon District Court, and Scott District Court.  *Id*.  Because Plaintiff's allegations relate to his incarceration and treatment during the pendency of a Woodford Circuit Court case, this Court will construe Plaintiff's Complaint as one against the 14th Judicial Circuit, as well as the Commonwealth of Kentucky.  *See* Kentucky Court of Justice, CourtNet 2.0, https://kcoj.kycourts.net/CourtNet/Search/Index (last visited April 4, 2017).

1915(e)(2).[2] If the Court determines that this matter is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, dismissal is appropriate.[3] *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).

As a preliminary matter, the Court notes that "allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). *But see Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012) (observing that "this lenient treatment has limits"). Because Plaintiff alleges that a Kentucky court violated his federal constitutional rights, and requests monetary compensation in connection therewith, the Court finds it appropriate to construe Plaintiff's Complaint as an action for damages under 42 U.S.C. § 1983. *See Will v. Mich. Dept. of*

---

[2] Although the Complaint indicates that Plaintiff was incarcerated at one time, he is not still confined. Thus, the screening requirements of 28 U.S.C. § 1915A(a) are inapplicable. *See Kane v. Lancaster Cty. Dept. of Corrections*, 960 F. Supp. 219, 220 (D. Neb. 1997) (finding that a case was not subject to § 1915A(a) screening requirements, even though the plaintiff was incarcerated at the time of the incident underlying the case, because he had been released prior to the filing of his complaint).

[3] When dismissal is appropriate because the plaintiff seeks monetary relief against a defendant who is immune from such relief, courts have treated the disposition as a dismissal with prejudice. *See Armstrong v. Russell*, No. 1:14-cv-00036, 2014 WL 1317299, at *1 (M.D. Tenn. Mar. 28, 2014); *Gould v. Suffety*, No. 07-11235-BC, 2007 WL 1599716, at *1 (E.D. Mich. June 4, 2007); *Preston v. Preston*, Civ. A. No. 5:11-00170-JBC, 2011 WL 2445967, at *1 (E.D. Ky. June 14, 2011).

*St. Police*, 491 U.S. 58, 65 (1989) (explaining that "Section 1983 provides a federal forum to remedy many deprivations of civil liberties").

That being said, Section 1983 "does not provide a federal forum for litigants who seek a remedy against *a State* for alleged deprivations of civil liberties." *Id.* (emphasis added) (holding that a state is not a "person" subject to suit under § 1983). Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). "[A] State may consent to suit against it in federal court," but such consent must be "unequivocally expressed." *Id.* The Court is not aware of any case law or statute indicating that the Commonwealth of Kentucky has consented to suits against it in federal court.

While Congress also "has power with respect to the rights protected by the Fourteenth Amendment to abrogate the Eleventh Amendment immunity," there must again be an "unequivocal expression of congressional intent to 'overturn the constitutionally guaranteed immunity of the several States.'" *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) (quoting *Quern v. Jordan*, 440 U.S. 332, 342 (1979)). The Supreme Court of the United States has held that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment

3

immunity." *Id.* (citing *Quern*, 491 U.S. at 66). Thus, Plaintiff cannot maintain his § 1983 suit against the Commonwealth of Kentucky.

To the extent that Plaintiff seeks to sue the 14th Judicial Circuit, the ultimate conclusion is the same, although the analysis differs slightly. "[E]ven though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment." *Edelman*, 415 U.S. at 663; *see also Regents of the Univ. of Ca. v. Doe*, 519 U.S. 425, 429 (1997) (explaining that the Eleventh Amendment "encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities"). In short, "when the action is in essence one for the recovery of money from the state, the state is the real substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Ford Motor Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459, 464 (1945).

In determining whether an entity qualifies as an "arm of the State," the Supreme Court of the United States has "inquired into the relationship between the State and the entity in question." *Doe*, 519 U.S. at 429. The United States Court of Appeals for the Sixth Circuit has distilled this "arm-of- the-state" analysis into a four-factor test: (1) the State's potential liability for a judgment against the entity; (2) the language by which state

4

statutes and state courts refer to the entity and the degree of state control and veto power of the entity's actions; (3) whether state or local officials appoint the board members of the entity; and (4) whether the entity's functions fall within the traditional purview of state or local government. *Ernst v. Rising*, 427 F.3d 351, 359 (6th Cir. 2005).

The 14th Judicial Circuit includes the Woodford Circuit Court, Bourbon Circuit Court, and Scott Circuit Court. The Kentucky Constitution provides for the establishment of such courts. *See* Ky. Const. § 109 ("The judicial power of the Commonwealth shall be vested exclusively in one Court of Justice which shall be divided into a Supreme Court, a Court of Appeals, at trial court of general jurisdiction known as the Circuit Court and a trial court of limited jurisdiction known as the District Court."). It also mandates that the General Assembly shall fix the compensation for judges presiding over these courts and that "[a]ll compensation and necessary expenses of the Court of Justice shall be paid out of the State Treasury." Ky. Const. § 120.

Taken together, these statutes suggest that the State would be liable for a potential judgment against the 14th Judicial District. They also demonstrate that the State exercises considerable control over the 14th Judicial Circuit, dictating the types of cases it may hear and financing its activities. For these reasons, the Court finds that the 14th Judicial Circuit is an arm

5

of the state, and thus, is immune from suit under the Eleventh Amendment. *See Anglin v. Ky. Supreme Court*, Civ. A. No. 3:13-33-GFVT, 2013 WL 6253159, at *2 (E.D. Ky. Dec. 3, 2013) (stating that the Kentucky Supreme Court "is unquestionably an arm of the state for purposes of the Eleventh Amendment, and is thus immune from suit"); *Newton v. Ky. St. Police*, 2009 WL 648989, at *6 (E.D. Ky. Mar. 11, 2009) (treating the Franklin Circuit Court as an "arm of the state" for Eleventh Amendment purposes); *McKee v. Fayette Circuit Court*, 68 F.3d 474 (Table), 1995 WL 559331, at *2 (6th Cir. Sept. 20, 1995) (affirming dismissal of Fayette Circuit Court on Eleventh Amendment immunity grounds). Because the 14th Judicial District has not waived its Eleventh Amendment immunity, dismissal of this action is appropriate.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) This matter is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket; and

(2) Plaintiff's Motion to Proceed *In Forma Pauperis* [DE 2] is hereby **DENIED AS MOOT.**

This the 4th day of April, 2017.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge

6