UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| ROSS "WORD" PHAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. |
| v. | ) | 5:17-cv-159-JMH |
| | ) | |
| COMMONWEALTH OF KENTUCKY, 14TH | ) | **MEMORANDUM OPINION** |
| DISTRICT CIRCUIT COURT, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

\*\*\*

This matter is before the Court upon *pro se* Plaintiff Ross "Word" Phar's Motion to Reconsider [DE 8], in which he contests the Court's *sua sponte* screening and dismissal of the above-captioned case pursuant to 28 U.S.C. § 1915(e)(2). In its Memorandum Opinion and Order of April 4, 2017 [DE 5], the Court construed Plaintiff's complaint as stating a claim for damages under 42 U.S.C. 1983, then dismissed it with prejudice because the named Defendants were immune from suit under the Eleventh Amendment. Plaintiff insists that the Court violated his Due Process rights by dismissing the case without giving him an opportunity to be heard. He also contends that the Court's analysis was based on a misunderstanding of the Eleventh Amendment. The Court will address each of these arguments in turn.

1

Pursuant to 28 U.S.C. § 1915(e)(2), courts are authorized to conduct an initial screening of a complaint filed by a *pro se* litigant seeking to proceed *in forma pauperis*. Court are also entitled to dismiss a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).

Although the United States Court of Appeals for the Sixth Circuit has not addressed the constitutionality of *sua sponte* dismissals under § 1915(e)(2), other circuits have held that this procedure does not violate the procedural protections of the Fifth Amendment's Due Process Clause. *See Kiselis v. Suizzo*, 491 F. App'x 762, 763 (7th Cir. 2012) ("A sua sponte dismissal of a meritless complaint that cannot be saved by amendment comports with due process."); *Curley v. Perry*, 246 F.3d 1278, 1283 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, Plaintiff's Complaint could not be saved by amendment because the entities that he sued were immune from the relief sought. *See Carter v. All Dist. Fed. Judges, U.S.A.*, 441 F. App'x 859, 860 (3d Cir. 2011) (per curiam)

(concluding that amendment of the plaintiff's complaint would be futile because the defendants were immune from suit); *Fiamengo v. Wadsworth*, 127 F. Appx' 564, 565 (2d Cir. 2005) (same). Thus, the Court did not violate Plaintiff's Due Process rights in dismissing his Complaint with prejudice without allowing him an opportunity to be heard.

As the Court observed in its previous Memorandum Opinion and Order, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State" under the Eleventh Amendment, unless the State unequivocally consent to such a suit. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The Supreme Court of the United States has also applied this rule to entities that qualify as state agents and state instrumentalities. *Id.; see also Regents of the Univ. of Ca. v. Doe*, 519 U.S. 425, 429 (1997).

Plaintiff complains that the Court founded its analysis on a flawed interpretation of constitutional law, one "based on precedent and 'case law' rather than the original intent of the founding fathers when they penned the U.S. Constitution and Declaration of Independence." [DE 8 at 1]. However, the Constitution of the United States not only contemplates the creation of the Supreme Court of the United States and other federal courts, it also vests them with jurisdiction to hear, *inter alia*, cases "arising under this Constitution." U.S. Const. Art.

3

III, § 1-2.  In order to perform that function, federal courts must be able "to exercise judicial review and interpret the Constitution." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340-41 (2006) (citing *Marbury v. Madison*, 1 Cranch 137, 177 (1803) ("Those who apply the rule to particular cases, must of necessity expound and interpret that rule.").  Thus, it was not error for this Court to rely on Supreme Court case law interpreting the Constitution in rendering its decision.

As a final matter, the Court wishes to clarify that Plaintiff's Complaint was not dismissed on grounds of frivolity or maliciousness.  The Court understands and appreciates Plaintiff's concerns.  However, it ultimately found it necessary to dismiss Plaintiff's Complaint with prejudice because the law simply does not allow him to recover monetary damages from the named Defendants.  That conclusion remains the same, for the reasons stated above and in the Court's prior Memorandum Opinion and Order.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Plaintiff Ross "Word" Phar's Motion to Reconsider [DE 8] be, and is hereby, **DENIED.**

**IT IS FURTHER ORDERED** that a copy of this Memorandum Opinion and Order be sent to Plaintiff at his listed address via first class U.S. Mail.

This the 11th day of May, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge